UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESLIE WHITE,

                          Plaintiff,

        v.

ETHICON, INC.,

                          Defendant.

CASE NO. C20-952 BHS

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT RE
PUNITIVE DAMAGES

        This matter comes before the Court on Defendant Ethicon Inc.'s motion for

summary judgment, Dkt. 99, and the Court's order reserving ruling on the availability of

punitive damages, Dkt. 116.

## I.      FACTUAL & PROCEDURAL BACKGROUND

        The Court reincorporates by reference the relevant factual and procedural

background found in the underlying order. *See* Dkt. 116 at 1–5. Plaintiff Leslie White

alleges that she suffered injuries because of her TVT-Exact implant—a polypropylene

mesh implant created by Ethicon—and brings claims under the Washington Products

Liability Act ("WPLA"), RCW Ch. 7.72. *See generally* Dkt. 4.

Ethicon moved for summary judgment on White's claims, Dkt. 99, and on January 14, 2022, the Court granted the motion in part, denied it in part, and reserved ruling in part, Dkt. 116. In the underlying order, the Court requested supplemental briefing from Ethicon on the availability of punitive damages. *See* Dkt. 116 at 15–16. White argues that under Washington's choice of law analysis her claim for damages is governed by New Jersey law, which permits punitive damages in product liability cases. Dkt. 113 at 22–25. Ethicon argues in its surreply that the WPLA is the exclusive remedy for product liability claims and does not permit punitive damages. Dkt. 117.

## II.    DISCUSSION

In determining which state's substantive law applies in a diversity action, federal courts must apply the forum state's choice-of-law rules. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005) (quoting *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002)). "In resolving conflict of law tort questions, Washington has abandoned the *lex loci delicti* rule and follows the *Restatement (Second) of Conflict of Laws'* most significant relationship test." *Singh v. Edwards Lifesciences Corp.*, 151 Wn. App. 137, 143 (2009) (citing *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580 (1976)). "Washington courts have held that these same choice of law principles apply to the issue of punitive damages." *Id.* at 144–45 (examining *Kammerer v. W. Gear Corp.*, 96 Wn.2d 416 (1981); *Barr v. Interbay Citizens Bank of Tampa, Fla.*, 96 Wn.2d 692 (1981)).

In determining which jurisdiction has the most significant relationship to a particular issue, which in this case is the availability of punitive damages, the Court first weighs "(a) the place where the injury occurred, (b) the place where the conduct causing

1   the injury occurred, (c) the domicile, residence, nationality, place of incorporation and

2   place of business of the parties, and (d) the place where the relationship, if any, between

3   the parties is centered." *Id*. at 143 (citing *Johnson*, 87 Wn.2d at 581). If these contacts are

4   balanced, the second step is to consider "the interests and public policies" of the

5   concerned states. *Johnson*, 87 Wn.2d at 582.

6        Ethicon argues that White's claim for punitive damages should be dismissed with

7   prejudice because the WPLA is the exclusive remedy for product liability claims in

8   Washington. *See Wash. Water Power Co. v. Graybar Elec. Co.*, 112 Wn.2d 847, 853–54

9   (1989) (en banc). Indeed, White conceded the dismissal of her non-WPLA claims, Dkt.

10   113 at 2, and her remaining substantive claims are her failure to warn claim, her design

11   defect claim under the consumer expectations test, and her claim under RCW 7.72.030,

12   *see* Dkt. 116. All that remains are WPLA claims. Ethicon argues that White fails to

13   identify a Washington case allowing punitive damages under the law of a foreign

14   jurisdiction where the sole basis for recovery is the WPLA. Dkt. 117 at 2–3.

15        The Court agrees. None of White's cited case law supports the proposition that

16   punitive damages under foreign law is permissible based on a claim governed solely by

17   Washington law. For example, in *Kammerer*, the Washington Supreme Court held that

18   California law governed the plaintiffs' fraud claims and permitted an award of punitive

19   damages under California law. *See* 96 Wn.2d at 422–24. Here, Washington law governs

20   White's product liability claims, and the WPLA does not permit punitive damages.

21   *Laisure-Radke v. Par Pharm., Inc.*, 426 F. Supp. 2d 1163, 1174 (W.D. Wash. 2006). The

22   Court reached a similar result in *Bryant v. Wyeth*, 879 F. Supp. 2d 1214 (W.D. Wash.

1   2012). There, the Court concluded that Pennsylvania law applied to the plaintiff's fraud

2   claims and that Pennsylvania law permitted punitive damages arising from the fraud. *Id.*

3   at 1224. But the Court rejected the plaintiff's request for punitive damages for her WPLA

4   claims because there was no authority supporting the application of Pennsylvania's

5   punitive damages law to claims other than fraud. *Id.* at 1220 n.5. The Court thus agrees

6   with Ethicon that punitive damages are unavailable here because White's only remaining

7   claims are pursuant to the WPLA, which is the exclusive remedy for product liability

8   claims and which prohibits punitive damages.

9           But even if the Court engaged in a choice of law analysis, the result would be the

10   same. In considering which state has the most significant relationship, the Court

11   concludes the contacts are balanced. White's injury occurred in Washington, where she

12   resides, and Ethicon is headquartered in New Jersey. "In a products liability action, the

13   place where the conduct causing the injury occurred is the place where the defendant

14   designed, manufactured, or was otherwise involved with the product in question." *Brewer*

15   *v. Dodson Aviation*, 447 F. Supp. 2d 1166, 1179 (W.D. Wash. 2006) (internal quotations

16   omitted). White asserts that Ethicon designed and manufactured the TVT-Exact in New

17   Jersey. Finally, Ethicon had no direct contact or relationship with White. But to the extent

18   there is a relationship between the parties, it is centered in New Jersey. *See Zenaida-*

19   *Garcia v. Recovery Sys. Tech., Inc.*, 128 Wn. App. 256, 263 (concluding that the place

20   where the relationship was centered was where the unsafe design occurred). These

21   contacts are evenly balanced, and the Court turns to the second step of the choice of law

22   analysis. *See id.* (finding balanced contacts between Washington and Oregon where

1    Oregon was the location of the injury and residence of the victim and Washington was

2    the headquarters of the defendant, where the relationship was centered, and where the

3    conduct causing the injury occurred).

4         Washington's interest in this case is stronger. Other Washington courts have

5    concluded that the state in which the defendant corporation is located has a strong interest

6    in applying its law. *See, e.g.*, *Singh*, 151 Wn. App. at 147–48. But White's cited cases did

7    not address claims solely brought under the WPLA. Rather, Washington has a

8    longstanding prohibition against punitive damages and has made the WPLA the exclusive

9    remedy for products liability cases in this state. *See Dailey v. N. Coast Life Ins. Co.*, 129

10   Wn.2d 572, 574 (1996) (discussing Washington's policy against punitive damages).

11   Washington's interest in the exclusivity of the WPLA and its prohibition of punitive

12   damages outweighs any interest that New Jersey may have in enforcing its punitive

13   damages rules. Therefore, even under a choice of law analysis, Washington law would

14   control here and preclude punitive damages.

15                                    **III.    ORDER**

16        Therefore, it is hereby **ORDERED** that Ethicon's motion for summary judgment

17   on White's demand for punitive damages, Dkt. 99, is **GRANTED**, and White's damages

18   request is **DISMISSED with prejudice**.

19        Dated this 3rd day of February, 2022.

20

21

22

                                    BENJAMIN H. SETTLE
                                    United States District Judge

ORDER - 5