UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESLIE WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>ETHICON, INC.,<br><br>    Defendant. | CASE NO. C20-952 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE |

This matter comes before the Court on Plaintiff Leslie White's motion to continue trial and extend all pretrial deadlines, Dkt. 120, and Defendant Ethicon Inc.'s response and cross-motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), Dkt. 121.

This matter is currently set for a ten-day jury trial beginning April 5, 2022. Dkt. 112. White moves to continue the trial to no sooner than November 2022. Dkt. 120. She argues that good cause exists to continue the trial date because two religious holidays fall during the course of trial, her local counsel is scheduled for another trial during the same time period, and her lead counsel is scheduled for a ten-day jury trial beginning on March 7, 2022 in the Northern District of West Virginia. *Id.* Ethicon opposes the motion,

ORDER - 1

arguing that White has not met her burden in establishing good cause and requests that the Court dismiss her case involuntarily pursuant to Rule 41(b). Dkt. 121.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court."

White has the burden of demonstrating good cause to continue trial and has failed to do so. White previously moved to continue the trial date, Dkt. 103, and the Court granted the continuance, Dkt. 112. White's counsels' trial conflicts and holiday conflicts should have been apparent when the Court set the case schedule in October 2021. White has failed to demonstrate diligence in bringing these conflicts to the Court's attention, and she failed to reply to her own motion to convince the Court of her diligence. White has not provided any justification for waiting until the month before the pretrial conference and pretrial deadlines to bring the instant motion to continue.

This is unfortunately repeated behavior by White's counsel. The Court had to grant White an extension of time to respond to Ethicon's supplemental motion for summary judgment after she failed to timely respond, Dkt. 108, and the parties had to

stipulate to an extension of time to allow White to respond to Ethicon's *Daubert* motions, Dkt. 85. And Ethicon now asserts that White has already failed to meet her first pretrial obligation under the current scheduling order by failing to timely file her pretrial statement, which was due on February 12, 2022. Dkt. 121 at 2.

Consequently, Ethicon requests that the Court dismiss White's case pursuant to Rule 41(b). Rule 41(b) permits involuntary dismissal if the plaintiff fails to prosecute or to comply with the Rules or a court order. Courts weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal citation omitted).

In consideration of these factors, Ethicon presents a strong argument for dismissal. White has previously failed to timely respond to several motions and failed to make her friends and family witnesses and expert Dr. Rosenzweig available for deposition before the August 2, 2021 discovery deadline. *See* Dkt. 93. The public and the Court has a strong interest in expeditious resolution of litigation, and White's counsel's behavior here has only served to delay the procedure of this case. Dismissal is a harsh sanction, and the Court has strongly considered it. White's dilatory behavior has impeded Ethicon's ability to prepare for trial. *See Malone*, 883 F.2d at 131. But the Court must consider these factors in tandem with the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions. Monetary sanctions are available under the

1  Court's inherent powers. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178,

2  1186 (2017) ("Federal courts possess certain inherent powers, not conferred by rule or

3  statute, to manage their own affairs so as to achieve the orderly and expeditious

4  disposition of cases. That authority includes the ability to fashion an appropriate sanction

5  for conduct which abuses the judicial process." (internal quotations omitted)); *Am. Unites*

6  *for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) ("A district court may, among

7  other things, dismiss a case in its entirety, bar witnesses, exclude other evidence, award

8  attorneys' fees, or assess fines." (internal citation omitted)). These two final factors tip

9  slightly in the favor of denying Ethicon's request for dismissal.

10  Accordingly, White's motion to continue, Dkt. 120, is **DENIED**, and Ethicon's

11  request for dismissal under Rule 41(b), Dkt. 121, is **DENIED without prejudice**. This

12  matter remains set for trial to begin on April 5, 2022. White is further ordered to submit

13  her pretrial statement to Ethicon no later than this Friday, **March 4, 2022**. White shall

14  submit to the Court a declaration affirming the submission, and if she fails to do so,

15  Ethicon is permitted to renew its Rule 41(b) motion. All other pretrial deadlines remain

16  intact. Further, White's counsel is ordered to pay the reasonable attorney fees and costs

17  associated with Ethicon's response to her motion to continue.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2022.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4